By the Court.
In a prosecution under that part of the provisions of Section 13383-1, General Code (103 O. L., 469), relating to banking institutions, building and loan associations or trust companies, the burden is upon the state to prove, beyond a reasonable doubt, that the statement, rumor or suggestion, which the indictment charges the defendant with having made, transmitted or circulated, is false.
Under this provision of that section the intent of the accused is not material, but it is made a material element of the further offense defined b}^ this section against any corporation.
If the statement, rumor or suggestion, derogatory to the financial condition, solvency or financial standing of any bank, banking association, building and loan association or trust company doing *90 business in this state, is false, and the accused, directly or indirectly, wilfully and knowingly, made and transmitted it to another, or circulated the same, then he is guilty of the oifense charged. If the statement, rumor or suggestion is true, then he is not guilty of this oifense, regardless of the intent and purpose with which it is made or transmitted to another or circulated.
It is error for the trial court to charge the jury that “If the article was true and was published with good motives, and for justifiable ends, it would be your duty to acquit the defendant.” The court should have charged the jury to acquit the defendant if it found that the statement published is true. Where, however, the defendant requests the court to charge the jury that “If it shall appear to you that the matter charged in the indictment as libelous was true, and was published for good motives and for justifiable ends, it will be your duty to return a verdict of not guilty and acquit the defendant,” and the court gives this charge, either before the argument, as requested, or as a part of the general charge, the accused is not entitled to a reversal of the judgment for this error of the court for which he was responsible. So, where the accused requests the court to charge the jury that “If you find from the evidence that the accused, on September 4th, 1913, made to the state a report or statement of the financial condition of his establishment, which was in fact false or untrue, then I say to you that any comment or criticism of such ■false or untrue statement which tended to expose the falsity or untruthfulness of the same, would *91 not be a libel or within the provision of the law under which this indictment is returned,” and the court did charge the jury that “If the defendant in making his statement, made a false statement, then it wduld give the right to this defendant to comment upon the falsity of the statement,” the defendant cannot now procure a reversal of the judgment because the court, at his request, gave to the jury the erroneous instructions.
The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted.
It follows, therefore, that, for much graver reasons, a litigant cannot be' permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible.
Express malice is no part of the offense charged in this indictment. If the statement is false, wilfully and knowingly made or transmitted to another, or circulated, the law implies malice, but the accused cannot complain that the state was required by the trial court to prove express malice on his part as an essential element of the crime. The error is prejudicial to the state, but not to the accused, for the fact, if it be a fact, that the act was done maliciously does not make it any less a crime.
*92 The judgment of the court of appeals is reversed, and judgment of the court of common pleas affirmed.

Judgment of the court of appeals reversed and that of the court of common pleas affirmed.

■ Johnson, Donai-iue, Newman, Wanamaicer, Jones and Matthias, JJ., concur.